State v. Williams

*Attorney General Morgan and Assistant Attorney General Cole for the State.*

*Chamblee, Nash & Frank by T. Michael Lassiter for defendant appellant.*

---

STATE OF NORTH CAROLINA v. JAMES ALEXANDER
WILLIAMS, JR.

No. 7121SC606

(Filed 15 December 1971)

1. **Criminal Law § 91— denial of continuance — witness located during trial**

   The trial court did not err in the denial of defendant's motion for a continuance made on the ground that defense counsel had just learned the name of a witness whose testimony was essential to the defendant, where the witness was located during the trial and testified for defendant.

2. **Burglary and Unlawful Breakings § 5; Larceny § 7— refusal to set verdicts aside**

   The trial court did not abuse its discretion in the denial of defendant's motion to set aside as against the greater weight of the evidence verdicts of guilty of felonious breaking and entering and felonious larceny.

APPEAL by defendant from *Kivett, Judge,* 10 May 1971 Criminal Session of Superior Court held in FORSYTH County.

· Defendant was convicted on two charges of felonious breaking and entering and one charge of felonious larceny. Defendant gave notice of appeal and his court-appointed trial counsel was appointed to perfect his appeal to this Court.

*Attorney General Robert Morgan by Associate Attorney General Rafford E. Jones for the State.*

*Robert H. Sapp for defendant appellant.*

VAUGHN, Judge.

[1] Defendant's first assignment of error is that the court erred in failing to grant his motion for a continuance and that this amounted to a denial of rights guaranteed him under the constitutions of the State of North Carolina and the United States. Defendant was arrested on one of the warrants on 13 April 1971, the date of the alleged crimes. The other warrant was served on 15 April 1971. Defendant's attorney was appointed to represent him on 15 April 1971. A preliminary hearing was conducted before District Court Judge Clifford on 29 April 1971. The Grand Jury indictment was returned on 10 May 1971. The case was called for trial on 13 May 1971. Prior to pleading to the indictments, defendant's counsel moved for continuance on the grounds that he was not ready for trial and that he had just learned the name of a witness, Jesse Fowler, whose testimony would be essential to the defendant. Defendant's motion was denied. Court recessed for the day prior to the presentation of all the State's evidence. Defendant's witness, Jesse Fowler, was located the night of the 13th and conferred with defendant's counsel prior to the opening of court on the 14th. Fowler testified for defendant. In the light of the foregoing, defendant's argument that it was prejudicial error to deny his motion for continuance is without merit.

[2] Defendant's only other assignment of error is that the court erred in failing to grant his motion to set aside the verdicts in that they were contrary to the greater weight of the evidence. At trial defendant did not move for dismissal or nonsuit pursuant to G.S. 15-173. Whether the verdict should be set aside as contrary to the greater weight of the evidence is for determination by the trial judge in his discretion. No abuse of discretion has been shown. Even though at trial defendant failed to move pursuant to G.S. 15-173, on appeal we have re-

viewed the sufficiency of the State's evidence as authorized by G.S. 15-173.1 and find it ample for submission to the jury. In the trial we find no prejudicial error.

No error.

Judges BROCK and BRITT concur.